UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MINERVA EVELINE MOON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

NO. CV-13-3066-RHW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Summary Judgment, ECF No. 15. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney David Burdett.

**I.    Jurisdiction**

On April 20, 2009, Plaintiff filed a Title II application for disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI). Plaintiff alleged she is disabled beginning August 21, 2006, due to anxiety, agoraphobia, PTSD, back pain, diabetes, and depression.[1]

Her application was denied initially on August 26, 2009, and again denied on reconsideration on March 31, 2010. A timely request for a hearing was made. On August 2, 2011, Plaintiff appeared at a video hearing in Yakima, Washington

---

[1] At the hearing, the ALJ amended to onset date to December 10, 2007. (Tr. 44.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

before Administrative Law Judge (ALJ) James Sherry.  Thomas A. Polsin, vocational expert, also participated. Plaintiff was represented by attorney D. James Tree.

The ALJ issued a decision on September 8, 2011, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on April 26, 2013. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on June 27, 2013. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past?  20 C.F.R. § 404.1520(e).  If the claimant is able to perform her previous work, she is not disabled. *Id.*  If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience?  20 C.F.R. § 404.1520(f).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 37 years old. She has three children, who at the time were 16, 13 and 4. At the time of the hearing, she was in the process of divorcing her husband. Plaintiff completed the 8th grade. She last worked in 2006. She has prior employment working as a daycare assistant, and as a clothing sorter for the Salvation Army.

She testified that she has difficulty standing and walking, due to her back pain, knee pain and neuropathy. She was raped by her father and other men between the ages of 7 and 16, and has PTSD, flashbacks, and nightmares. She has experienced abusive relationships. When Plaintiff was 19, the father of her daughter was killed two weeks prior to her giving birth to a daughter, who died shortly after her birth.

**V.    The ALJ's findings**

The ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 21, 2006, the application date. (Tr. 23.)

At step two, the ALJ found Plaintiff has the following severe impairments: lumbar degenerative disc disease, diabetes mellitus, obesity, major depressive disorder, panic disorder with agoraphobia, post-traumatic stress disorder (PTSD), and obsessive compulsive disorder (Tr. 23.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.04 (Disorders of the Spine); 9.00 (Endocrine Disorders); or Listings 12.04 and 12.06 of CFR Part 404, Subpart P, Appendix 1. (Tr. 29.)

The ALJ concluded that Plaintiff has the residual functional capacity to life and/or carry up to 10 pounds and occasionally lift and carry articles such as docket files, ledgers, and small tools, and/or walk about two hours in an eight-hour workday, and sit for about six hours in an eight-hour workday. Plaintiff can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl, but never climb ladders, ropes, or scaffolds. Plaintiff should avoid concentrated exposure to extreme cold and heat, unprotected heights, and using of moving machinery. She can perform simple, routine, and repetitive tasks as well as some well-learned and detailed tasks. She cannot perform work with fast-paced

production requirements. Plaintiff should avoid interaction with the general public, but can perform superficial work with co-workers. (Tr. 27.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 31.)

At step five, the ALJ found Plaintiff was able to perform the requirements of representative occupations such as a hand packager, microfilm document preparer, and final assembler, and therefore she was not disabled. (Tr. 32.)

## VI. Issues for Review

Plaintiff presents the following issues for review:

1. Did the ALJ commit harmful error by improperly rejecting the opinion of Plaintiff's treating medical source?

2. Did the ALJ commit harmful error by conducting an improper credibility analysis of Plaintiff?

3. Did the ALJ commit harmful error by failing to consider the testimony of the vocational expert that Plaintiff's limitations would preclude substantial gainful employment?

## VII. Discussion

### 1. Dr. Jones' Opinion

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Jones, her treating physician. Dr. Jones opined that Plaintiff was unable to work due to severe depression and agoraphobia. Dr. Jones gave these opinions in December, 2008, and November 30, 2009. (Tr. 447, 690.)

As the Ninth Circuit explained:

> By rule, the Social Security Administration favors the opinion of a treating physician over non-treating physicians. *See* 20 C.F.R. § 404.1527. If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Id.* § 404.1527(d)(2). If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

1  Administration considers specified factors in determining the weight
2  it will be given. Those factors include the "[l]ength of the treatment
   relationship and the frequency of examination" by the treating
3  physician; and the "nature and extent of the treatment relationship"
   between the patient and the treating physician. *Id.* §
4  404.1527(d)(2)(I)-(ii). Generally, the opinions of examining
   physicians are afforded more weight than those of non-examining
5  physicians, and the opinions of examining non-treating physicians are
   afforded less weight than those of treating physicians. *Id.* §
6  404.1527(d)(1)-(2). Additional factors relevant to evaluating any
   medical opinion, not limited to the opinion of the treating physician,
7  include the amount of relevant evidence that supports the opinion and
   the quality of the explanation provided; the consistency of the
8  medical opinion with the record as a whole; the specialty of the
   physician providing the opinion; and "[o]ther factors" such as the
9  degree of understanding a physician has of the Administration's
   "disability programs and their evidentiary requirements" and the
10 degree of his or her familiarity with other information in the case
   record. *Id.* § 404.1527(d)(3)-(6).

11 *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

12    Here, the ALJ gave Dr. Jones' opinion little weight in determining

13 Plaintiff's residual functional capacity because her opinion was conclusory and

14 unsubstantiated by treatment records. (Tr. 31.) The ALJ reviewed the treatment

15 records and concluded they did not document the types of finding that would

16 support a finding of disability. (Tr. 31.) The ALJ concluded that Dr. Jones'

17 opinions were substantially undermined by Plaintiff's reported activities.

18    The ALJ's decision is supported by the record. Dr. Jones' treatment records

19 do not substantiate a finding of disability. The treatment records reflect notations

20 that Plaintiff was doing okay and feeling better overall (Tr. 514, 531); appeared

21 less anxious that in the past (Tr. 521), and was getting out more (Tr. 529.). Also, in

22 December, 2009, shortly after Dr. Jones signed the order indicating that Plaintiff

23 was unable to work[2], she noted that she was doing better overall, her depression

24 was better, and she was alert and her affect was more lively.  (Tr. 512). In

25 December, 2010, Plaintiff reported that she was having a hard time because of a

26

27    [2]Plaintiff reported to Dr. Jones on November 16, 2009 that things were going

28 okay but she was anxious and having trouble leaving the house. (Tr. 516.)

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

recent move. (Tr. 742.) However, in August, 2010, Plaintiff indicated that things were going well (Tr. 745.) Also, in early 2010, there was no mention in Dr. Jones' records regarding any symptoms of anxiety or agoraphobia. The ALJ did not error in giving Dr. Jones' opinion little weight because the treatment records and Plaintiff's reported activities do not support her conclusion that Plaintiff is unable to work.

**2.    The ALJ's credibility decision**

Plaintiff argues the ALJ erred in finding that her symptom allegations were not credible. The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, not all of her symptom allegations are credible. (Tr. 31.)

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

dosage, effectiveness, and side effects of any medication the
individual takes or has taken to alleviate pain or other symptoms; 5.
Treatment, other than medication, the individual receives or has
received for relief of pain or other symptoms; 6. Any measures other
than treatment the individual uses or has used to relieve pain or other
symptoms (*e.g*., lying flat on his or her back, standing for 15 to 20
minutes every hour, or sleeping on a board); and 7. Any other factors
concerning the individual's functional limitations and restrictions due
to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ's credibility assessment is supported by the record. Notably, Dr. Dougherty noted that although Plaintiff describes herself as badly depressed, she did not appear extremely depressed to him and her daily activities were not suggestive of extreme depression. (Tr. 354.) Kathleen Schormann indicated that she had not seen evidence of the significant symptoms reported by Plaintiff, namely, depression, anxiety, panic attacks. (Tr. 701.) She suggested that Plaintiff may be over-stating her symptoms. (Tr. 701, 705, .) In November, 2010, she reported to her therapists that she is trying to leave her house as much as she can. (Tr. 709.) Also, the ALJ noted the record showed improvement in her symptoms as well as stability in her conditions. This is an accurate description of the record. Plaintiff's allegations that she is unable to work because of her impairments is not supported by the record.

### 3. Step Five Analysis

Plaintiff argues the ALJ erred in concluding that she could perform work existing in significant numbers in the national economy. Plaintiff maintains the ALJ gave the VE an incomplete hypothetical. She asserts the ALJ should have included the limitation that she cannot leave her house four or five days a week due to anxiety, panic attacks and agoraphobia. However, the ALJ did not error because these limitations are based on Plaintiff's testimony and Dr. Jones' opinions, which, as set forth above, were entitled to little weight and were inconsistent with the entire record. Consequently, the ALJ's step five analysis and decision is supported by substantial evidence.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

## VIII. Conclusion

Plaintiff has not met her burden of showing the ALJ committed legal error, or that his conclusion that Plaintiff was not disabled from August 21, 2006 to September 8, 2011, is not supported by substantial evidence. The ALJ properly found that Plaintiff was capable of performing the requirements of hand packager, microfilm document preparer, and final assembler.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

3. The decision of the ALJ denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel, and **close the file**.

**DATED** this 21st day of April, 2014.

                     *s/Robert H. Whaley*
                     ROBERT H. WHALEY
                     United States District Judge

Q:\RHW\aCIVIL\2013\Moon (SS)\sj.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10